IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OLIVIA WILLIAMS | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 1:13-CV-4214-ODE-ECS |
| | : | |
| VWR INTERNATIONAL, LLC | : | |
| | : | |
| Defendant. | : | |

## NOTICE TO PARTIES
### GUIDELINES FOR DISCOVERY AND MOTION PRACTICE

These guidelines are furnished for the convenience of counsel and *pro se* litigants and the court to promote the just, speedy and economical disposition of cases.

### GENERAL MATTERS

Attorneys and *pro se* litigants appearing in this court in civil litigation must observe three sets of rules:

The Federal Rules of Civil Procedure,

The District Court Local Rules and Instructions Regarding Pretrial Proceedings, and

The rules and practices of the Magistrate Judge assigned to your case.

### PRELIMINARY FILINGS

Attorneys and *pro se* litigants are reminded that in accordance with LR 3.3, NDGa, the Certificate of Interested Persons ("CIP") should be filed (by non-governmental parties)

within thirty (30) days of the first answer or responsive motion filed by a defendant.    Attorneys and *pro se* litigants are also reminded that in accordance with LR 16.2, NDGa, the Preliminary Report and Discovery Schedule ("PRDS") should be filed within thirty (30) days of the first answer or responsive motion filed by a defendant or within thirty (30) days of removal from state court.

### DISCOVERY

1.    **General Principles of Discovery**.  Counsel and *pro se* litigants should be guided by courtesy, candor and common sense, and conform to the Federal Rules of Civil Procedure, the Local Rules, and applicable orders in conducting discovery.  In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in Rule 26(b) and the good faith obligations implicit in Rule 26(g).  Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.

2.    **Timeliness**.  The time limits specified in the rules and applicable orders must be observed.  If additional time is required, an extension must be sought in advance by order of the court.  (<u>See</u> ¶ 4 below).  Extensions must be requested by filing a motion with the Clerk.  Verbal requests or requests made via

AO 72A
(Rev.8/82)

letter directly to this court will not be considered.

3.    **Discovery Cut-Off**.  Discovery cut-off dates are the last date for filing discovery responses, unless otherwise specified by court order.  To be timely, therefore, discovery requests must be served sufficiently in advance (usually thirty (30) days) of the deadline for responses to be made within the discovery cut-off date.  <u>See</u> LR 26.2A, NDGa.

4.    **Extensions of Discovery Period**.  Requests for extension of the discovery  period or deadlines within the discovery period must be made in accordance with LR 26.2B, NDGa.  All requests for extensions of time must state: (1) the original (and if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent.  **NOTE**:  An agreed upon or consent motion to extend the discovery period or deadlines therein should be clearly designated as a CONSENT motion.

5.    **Designation of Expert Witnesses and Reports**.  The local rules require disclosure of expert witnesses sufficiently early in the discovery period to allow for adequate time to depose the

-3-

expert and, if desired, to name a rebuttal expert witness. <u>See</u> LR 26.2C, NDGa. In accordance with this requirement, not later than ninety (90) days before the close of the discovery period, the identity of and the report of any affirmative expert witness shall be served, together with all other disclosures required by Fed. R. Civ. P. 26(a)(2)(B). Not later than thirty (30) days before the close of the discovery period the identity of and the report of any proposed rebuttal expert witness shall be served, together with all other disclosures required by Fed. R. Civ. P. 26(a)(2)(B). Each expert report shall conform with Rule 26(a)(2)(B).

6. **Depositions under Rule 30**

    a. <u>Scheduling</u>. Barring extraordinary circumstances, the parties should consult with one another before a deposition is noticed, taking into account the schedules of witnesses and opposing counsel. Concurrent depositions are not permitted in the absence of stipulation or order.

    b. <u>Stipulations</u>. When counsel or a party enter into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition.

    c. <u>Questioning</u>. Questions should be brief, clear and

-4-

simple.  The purpose of a deposition is not to harass or intimidate.

    d.  <u>Documents</u>.  Normally, except in the case of impeachment, fairness dictates that a witness be shown a document before being questioned about it.

    e.  <u>Objections</u>.  Under Rule 30(c), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record but the evidence objected to shall be taken subject to the objection.  In the absence of a good faith claim of privilege, instructions not to answer are rarely justified and may lead to sanctions under Rule 37. Speaking objections and other tactics for coaching a witness during the deposition may also be cause for sanctions.  If counsel or a *pro se* litigant believes that a motion to terminate or limit the examination under Rule 30(d) would be warranted, counsel and/or the *pro se* litigant should promptly initiate a conference call to the court with opposing counsel for a pre-motion conference to attempt to resolve the problem.  (<u>See</u> ¶ 11 below).

    f.  <u>Persons Attending Depositions</u>.  In the absence of a specific order, there is no restriction on who may attend a deposition.  Unless agreed upon otherwise by the parties, only one lawyer may normally conduct a particular deposition for each

-5-

party.

    g.   <u>Expert Disclosures</u>.  Rule 26(b)(4) should be consulted. However, experts who are identified as witnesses at trial are normally produced for deposition by the opposing party as matter of course by agreement.

    h.   <u>Number of Depositions</u>.  The parties are expected to observe the limitations specified in Rules 26(b) and 30 and, in particular, to avoid unnecessary depositions.

7.  **Interrogatories under Rule 33**.

    a.   <u>Informal Requests</u>.  Whenever possible, counsel should try to exchange information informally.

    b.   <u>Number and Scope of Interrogatories</u>.  The parties are expected to observe the limitations stated in Rules 26(b) and 33. Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations. <u>See</u> Rule 26(g).  Interrogatories should be brief, straight-forward, neutral, particularized and capable of being understood by jurors when read in conjunction with the answer.  Ordinarily, they should be limited to requesting objective facts, such as, the identification of persons or documents, dates, places, transactions, and amounts.  Argumentative interrogatories, attempts to cross-examine and multiple repetitive interrogatories

-6-

are objectionable.

c. <u>Responses</u>. Rule 33(b) requires the respondent to produce whatever information is available (but only what is available), even if other information is lacking or an objection is made. When in doubt about the meaning of an interrogatory, give it a reasonable interpretation (which may be specified in the response) and answer it so as to provide rather than deny information. Generally, the responding party is required to produce information only in the form in which it is maintained. If an answer is made by reference to a document, attach it or identify it and make it available for inspection. (<u>See</u> ¶ 9 below). Generalized cross-references, such as to a deposition, are not responsive.

d. <u>Privilege</u>. A claim of privilege must be supported by a statement of particulars sufficient to enable other parties and the court to assess its applicability. <u>See</u> Rule 26(b)(5). In the case of a document, such a statement should specify the privilege relied on and generally include the date, title, description, subject and purpose of the document, the name and position of the author and the addresses of other recipients. In the case of a communication, the statement should include the privilege relied on and the date, place, subject and purpose of the communication and the names and positions of all persons

-7-

present.  <u>See</u> <u>id.</u>

8.    **Requests for Production or Inspection under Rule 34.**

    a.    <u>Informal Requests</u>.  (<u>See</u> ¶ 7a above).

    b.    <u>Number and Scope of Requests</u>.  Although the court has no standing limitation, it will be guided in each case by the limitations stated in Rules 26(b) and 34.  To the extent possible, requests should specify with particularity the title and description of documents or records requested.  Argumentative or catch-all requests, such as "all documents which support your claims," are overbroad and objectionable.  The certification requirement of Rule 26(g) applies.

    c.    <u>Responses</u>.  Materials should be produced either with labels identifying the specific requests to which they respond or in the manner in which they are kept in the ordinary course of business.  Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules.  The certification procedure of Rule 26(g) is applicable.

    d.    <u>Privilege</u>.  (<u>See</u> ¶ 7d above).

9.    **Requests for Admission under Rule 36**

-8-

a.   <u>Use of Requests</u>.   Requests for admission are an economical and efficient means of making a record of informal exchanges of information, stipulations, matters subject to judicial notice, and of narrowing issues.

b.   <u>Form of Requests</u>.   Each request should be brief, clear, simple, addressed to a single point and stated in neutral, non-argumentative words.   Requests ordinarily should deal with only objective facts.   They may be combined with interrogatories to ask for the factual basis of a claim or a denial.   The attorney's or *pro se* litigant's signature certifies compliance with Rule 26(g).

c.   <u>Responses</u>.   Rule 36(a) requires that a response shall specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny.   A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder.   The responding party has a duty to make reasonable inquiry before responding.   The certification requirement of Rule 26(g) applies.

d.   <u>Privilege</u>.   (<u>See</u> ¶ 8d above).

10.   **Motions to Compel or for Protective Orders**.

a.   <u>Pre-Motion Conference</u>.   **Counsel or *pro se* litigants are**

–9–

**required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the court.** <u>See</u> Fed. R. Civ. P. 26(c) and 37; LR 37.1A, NDGa. The duty to confer is NOT satisfied by sending a written document, such as a letter, email or fax, to the adversary, UNLESS repeated attempts to confer by telephone or in person are met without success due to the conduct of the adversary. If counsel or *pro se* litigants are unable to resolve the discovery dispute informally, they should arrange a telephone conference with the court through the court's law clerk or courtroom deputy. <u>Prior to the conference, the parties jointly shall submit a short (two (2) double spaced pages or less) letter providing an overview of the contested issue(s).</u> If the differences cannot be resolved during the conference with the court, the court will direct further proceedings. Motions to compel or for a protective order should not be filed without a prior conference with the court.

b. <u>Memoranda</u>. In the event that memoranda are submitted, they should comply with LR 37.1, NDGa, and be brief, focus on the facts of the particular dispute, and avoid discussion of general discovery principles. The court cautions against the inclusion of (and will disregard) any generalized recitation of "historical" discovery disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party.

-10-

c.   <u>Consent Protective/Confidentiality Orders</u>.   In lieu of filing with the clerk, the original and a duplicate of such consent orders may be submitted to the court in chambers.

11.   **Reference to Guidelines**

The court will be guided by these guidelines in resolving discovery disputes and imposing sanctions.

This 14th day of February, 2014.

<u>s/ <i>E. Clayton Scofield III</i>   </u>
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

-11-