**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **OLIVIA WILLIAMS**     )<br>                                                 )<br>          **Plaintiff,**          )<br>     **vs.**                                 )<br>                                                 )<br>**VWR INTERNATIONAL, LLC** )<br>          **Defendant.**        )<br>                                                 )<br>                                                 )<br>                                                 ) | **CASE NO. 1:13-CV-04214-ODE-ECS** |

## MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF LAW

**COMES NOW** OLIVIA WILLIAMS (hereinafter Ms. Williams), plaintiff in the above-styled case and files this, her Motion to Compel Discovery showing the court the following:

## FACTS

On September 22, 2014, Ms. Williams sent VWR her first set of interrogatories. See Exhibit A. Ms. Williams gave VWR an additional two weeks to answer the interrogatories. See Exhibit F p. 4.  On November 5th, 2014, VWR submitted its responses to Ms. Williams. See Exhibit B. On

November 6th, 2014, Ms. Williams informs VWR that she needs the verification for the interrogatory responses. See Exhibit F p. 5.

On November 14th, 2014, Ms. Williams sent VWR her second set of interrogatories. See Exhibit C. VWR responded back to the second set of interrogatories on December 15th, 2014. See Exhibit D. On December 16th, 2014, Ms. Williams informed VWR she needs the interrogatories to be answered properly. See Exhibit F p. 1.

On December 28th, 2014, Ms. Williams spoke with VWR concerning VWR's discovery responses on the telephone. See Exhibit F p. 11.

On January 9th, 2015, VWR sent a letter in an attempt to supplement interrogatories. See Exhibit E. On January 16th, 2015, VWR submitted an attempted verification. See Exhibit G. On January 16th, 2015, Ms. Williams informs VWR that the verifications are improper. Ms. Williams asks VWR to properly submit a verification. See Exhibit F p. 14.

On January 21, 2015, Ms. Williams informs VWR of additional problems with responses to interrogatories. See Exhibit F p. 16. Ms. Williams gave VWR until January 31, 2015 to answer the interrogatories. See Exhibit F p. 16. VWR responded by asking Ms. Williams to keep the rhetoric to a minimum. See Exhibit F p. 21. On January 22, 2015, VWR sent

a letter explaining its position concerning discovery issues. See Exhibit H. Ms. Williams sent VWR cases that support her position. See Exhibit F p. 27-28.

On January 28, 2015, VWR sent another letter in response to discovery issues. VWR did not indicate when it would provide the proper verification. On January 29th, 2015, Ms. Williams asked VWR when the verifications were going to be emailed to her. See Exhibit F p. 30.

On January 30th, 2015, VWR attempted to supplement interrogatory responses by submitting an email. See Exhibit F p. 3. Ms. Williams reminds VWR that interrogatories should be supplemented under oath. See Exhibit F p. 34. In response, VWR asks Ms. Williams to let it know when she is satisfied with VWR's responses. See Exhibit F p. 35. Ms. Williams is filing this motion to compel because VWR refuses to follow the discovery rules.

## **STANDARD OF REVIEW FOR INTERROGATOIRES**

Rule 33 governs the pretrial discovery process whereby a party to an action may request other parties to answer interrogatories relating to any matters permitted by Rule 26(b)(1). Fed. R. Civ. P. 33(a). The responding party must answer "separately and fully . . . under oath" or object, in which case the party must "state the reasons for objection" with "specificity" and

"shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b). An interrogatory is not objectionable "merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact. . ." Fed. R. Civ. P. 33(c).

As the responding party, VWR was required to respond fully and completely to the interrogatories. Fed. R. Civ. P. 33(b) (1). A partial answer is not candid and will be deemed evasive, examples will not suffice when a requesting party asks for "all" of anything, and answers such as "including, but not limited to," will not be accepted. <u>Herdlein Tech., Inc. v. Century Contractors, Inc.</u>, 147 F.R.D. 103, 106-07 (W.D.N.C. 1993); Fed. R. Civ. P. 37 (a)(3).

### I. VWR did not properly answer the interrogatories under oath.

VWR has not properly answered the first interrogatories under oath, and the attempted supplemental response for the second interrogatories under oath. VWR first response to interrogatories is based solely on Ms. McDonald's personal knowledge. <u>See</u> Exhibit B p. 8. The attempted supplemental response to the second interrogatories is based on Ms. McDonald's personal knowledge also. <u>See</u> Exhibit E p. 5. By signing under oath, the corporate agent attests to the truth of the answers on behalf of the

corporation. See Fed. R. Civ. P. 33(b)(1)(B); and Villareal v. El Chile, Inc., 266 F.R.D. 207, 211 (N.D. Ill. 2010).

The responding party is "required to inquire and investigate in order to learn about others' knowledge . . . [and] must at least make a reasonable effort to obtain the information requested." Interland, Incorporated v. Bunting, 2005 WL 2414990, at *6 (N.D. Ga. Mar. 31, 2005). Ms. McDonald is corporate counsel for VWR. Ms. McDonald's "addition of 'to the best of my knowledge' erroneously returns the focus of the oath to the knowledge of the attorney, when the focus should rightly be on the combined knowledge of those in the corporation, partnership, association or government agency." Deseret Management Corp. v. U.S., 75 Fed. Cl. 571, 573 (2007) (internal citations omitted).  This qualifier is not harmless. "The phrase undermines the usefulness of the answers to the interrogatories because it creates questions as to the completeness of the answers and whether the answers will ultimately bind the party making them." Id. at 574.

Most importantly, both verifications are not under oath. A notary has not signed the attempted verification pages. Additionally, the interrogatories do not meet the statutory language for a verification. The proper language says, "I, declare under penalty of perjury that the foregoing is true and

correct." See 28 U.S.C. § 1746. VWR should be required to answer the interrogatories under oath. The verification should read, "I declare under penalty of perjury that the foregoing is true and correct." Id. at 575. See also Steptoe v. City of Syracuse, 2011 WL 6012941, at *5 (N.D.N.Y. Nov. 1, 2011) ("The courts that have addressed the issue of the form that an interrogatory oath must take appear to be in agreement that the oath requirement may be satisfied either by having the statement affirming the responses sworn to before a notary public or by providing a declaration pursuant to 28 U.S.C. § 1746. . . . If the latter course is selected, an unverified statement may suffice provided that it specifically states that the document is given under penalty of perjury and is true and correct."). VWR should be compelled to answer the interrogatories under oath.

**II.     VWR never attempted to answer the second interrogatories under oath.**

Ms. Williams served VWR with a second set of interrogatories and VWR answered the interrogatories See Exhibit D. However, VWR has never answered these interrogatories under oath. "Rule 33 is commonly interpreted as requiring all interrogatory answers, whether initial or supplemental, to be signed under oath." Knights Armament Co. v. Optical Sys. Tech., Inc., 254 F.R.D. 463, 467 (M.D. Fla. 2008). The purpose of verifying interrogatory

response is to have the party attest to the truth of the responses. Id. This is special important in a Title VII case where the plaintiff has to prove the defendant did not have an honest good faith belief. VWR should be required to answer the second of interrogatories under oath. The attempted supplemental response under oath does not qualify as answering the first answers under oath.

VWR attempted to supplement its response to the second set of interrogatories by submitting a letter and a statement by Ms. McDonald. Ms. Williams is entitled to a formal, complete, verified answer to be used at trial. See Villareal v. EL Chile 266 F.R.D. 207 (N.D. Ill. 2010) (Defendants' counsel's e-mails, therefore, cannot satisfy defendants' obligations in responding to plaintiffs' interrogatories). Furthermore, the response are improper for the following reasons.

**III.    VWR has not answered the following interrogatories.**
**Interrogatory no. 1**

VWR is asked to identify employees with knowledge of the facts of this case. See Exhibit A p. 5. VWR has only identified one employee. However, VWR has submitted several names in a letter dated January 9th, 2015. See Exhibit E p.1.VWR has failed to properly answer the

interrogatory or supplement its answers. A party propounding a person with knowledge interrogatory is entitled to a comprehensive and accurate opponent's current and former employees. If requested, an employer must also identify the specific employee(s) who possesses knowledge relevant to the information sought in each interrogatory. See Shepherd v. ABC, Inc., 62 F.3d 1469, 1482 (D.C. Cir. 1995).

**Interrogatory no. 2**

VWR is asked to explain which employees it has obtained information to answer each interrogatory. See Exhibit A p. 6. VWR has failed to update the names of the people who provided information to answer interrogatories 14 through 25, and any attempted supplemental interrogatory responses. Ms. Williams incorporates her legal argument from interrogatory no. 1 as if stated herein.

**Interrogatory No. 15**

Interrogatory number 15 is a contention interrogatory. See Exhibit C p. 6. "The purpose of contention interrogatories is to narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position." Ciba Vision Corp. v. Bausch &

Lomb, Inc. 2003 WL 25774307 * 3 (N.D. Georgia 2003) (citations omitted). VWR has failed to properly answer the contention interrogatory.

First, the contention interrogatory is asking VWR if it's making a contention. "Therefore, a yes or no answer is required." Roberson v. Great Am. Ins. Companies of New York, 48 F.R.D. 404, 411 (N. D. Georgia 1969). VWR has failed to provide a yes or no answer.

Secondly, VWR claims it cannot answer the question. VWR identified people it believes made the final decision to promote Mr. Nunn. See Exhibit E p. 2. Information is available for VWR to properly answer interrogatory no. 15. VWR cannot avoid answering an interrogatory when information is available to VWR to answer the interrogatory. See Crawford v. McColister's Transp. Systems, Inc., 2013 WL 5687861 *2 (S.D. Florida 2013). As one court explained, "the answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control." General Cigar Co Inc. v. Cohiba Caribbean's Finest, Inc., 2007 WL 983855 *3 (D. Nevada 2007).

A business has a duty to provide any information imputed to the organizational party itself, including information possessed by the party's officers, employees, former employees, and counsel. See General Dynamics

Corp. v. Self Mfg., 481 F.2d 1204, 1210 (8th Cir. 1973). VWR has a duty to obtain information from former employees. VWR cannot claim information is not within its control because the person no longer works for the company. One court explains the reasoning perfectly,

> This is illogical because it would create a corporate memory-hole when a knowledgeable employee leaves employment. Just because current employees don't know about waste hauling transactions doesn't mean they never happened; the duty of reasonable inquiry in this instance requires seeking and interviewing ex-employees to obtain the knowledge they had while performing their jobs for the corporation.

U.S. v. Kramer, 1992 U.S. Dist. LEXIS 7651 * 16 (New Jersey 1992).

Furthermore, "If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." See Molinos Valle Del Cibao v. Lama, 2008 WL 3850807 * 3 (S.D. Florida 2008); Miller v. Doctor's General Hospital, 76 F.R.D. 136, 140 (W.D. Oklahoma 1977) (The party should so state under oath and should set forth in detail the efforts made to obtain the information.); International Fertilizer & Chemical Corp v. Brasileiro, 21 F.R.D. 193, 194 (S.D. New York 1957) (. . . shall set forth in detail the efforts made by respondent to obtain the information in such case.); Lorentz v. Sunshine

Health Products, Inc., 210 WL 2541797 *2 (S.D. Florida 2010); and Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M. D. Florida 2005).

VWR has a history of providing misleading information in response to interrogatories. In response to interrogatory no. 12, VWR claims that Mohamed Ahmed, Christopher Anspach, and James Barker were employees of VWR who applied for the position. This response is not true. VWR knew back in 2009 that Russell Nunn was the only associate who applied for the position. VWR states in a letter to the EEOC, "According to our records, Mr. Nunn was the only internal candidate to apply for the position." Exhibit I p. 1 ¶ 3. This information was also available in a spreadsheet submitted to the EEOC office. See Exhibit J p. 3. VWR did not properly amend its response until Ms. Williams requested a conference with the court.

VWR should be required to answer interrogatory 15 now. Rule 33 allows the court to require a party to answer the interrogatory later. However, "Discovery in this case has been ongoing for several months, and Plaintiff has already propounded basic identity interrogatories. The time for more targeted, meaningful questions is now at hand." Donahay v. palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 688 (S.D. Florida 2007).

Interrogatory no. 15 is important because Ms. Williams has a good faith belief VWR is going to argue she was not substantial qualified for the position. However, VWR has to proof the final decision maker knew Ms. Williams qualifications at the time of the promotion. See Hill v. Seaboard Cost Line R. Co., 767 F.2d 771, 774 (11th Cir. 1985). VWR should be required to answer interrogatory no. 15. If VWR cannot answer interrogatory no. 15, it should be required to state the efforts made to answer the interrogatory.

Finally, VWR should not be able to change its position to support any motion for summary judgment or evidence at trial if it doesn't know the answer to the contention interrogatories. See Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya, 248 F.R.D. 126, 157-158, 2007 A.M.C. 2839 (S.D. N.Y. 2007) (excluding at trial evidence not identified in answer to contention interrogatory); and Whitserve LLC v. Computer Patent Annuities North America, LLC, 2006 WL 1273740 *3 (D. Conn. 2006) (failure to provide complete and specific answers to interrogatory may preclude party from offering further evidence).

**Interrogatory no. 17**

Interrogatory no. 17 is a contention interrogatory. <u>See</u> Exhibit C p. 6. Ms. Williams incorporates her argument in response to interrogatory no. 15 as if stated fully herein. VWR should be required to answer interrogatory no. 17. VWR is only providing information based on Ms. McDonald's personal information. <u>See</u> Exhibit G. VWR needs to answer interrogatories based on the company's information. If VWR cannot answer interrogatory no. 17, it should be required to state the efforts made to answer the interrogatory.

VWR claims it left a message for Mr. Schultz on his home phone. However, Mr. Schultz informs Ms. Williams that his home phone has been off for about a month. Ms. Williams was never able to leave Mr. Schultz a message when she called. <u>See</u> Declaration of Michael Mondy

Finally, VWR should not be able to change its position to support any motion for summary judgment if it doesn't know the answer.

**Interrogatory no. 19**

Interrogatory no. 19 ask VWR to provide the names of the people who interviewed for the Sales Representative-Direct Sales position. <u>See</u> Exhibit C p. 7. The interrogatory is relevant because it proves VWR never considered anyone for the position but Russell Nunn. VWR claims people were interviewed for the position. <u>See</u> Exhibit B p. 5. Eric Broadwater

claims people were interviewed for the position. See Exhibit K p. 2 ¶ 4. However, VWR does not list the name of one person who was interviewed. VWR doesn't even list Russell Nunn as a person who interviewed for the position. VWR is only providing information based on Ms. McDonald's personal information. See Exhibit G. VWR needs to answer interrogatories based on the company's information.

Ms. Williams incorporates her arguments stated in interrogatory no. 15 as if fully stated herein. VWR should be required to state what efforts were made to obtain the information to answer interrogatory no. 19. Finally, VWR should not be able to change its position to support any motion for summary judgment if it doesn't know the answer.

**Interrogatory no. 20**

Interrogatory no. 20 ask VWR to provide the name of the person who posted the job on the intranet. VWR claims the job was posted on the intranet. See Exhibit B p. 5. Eric Broadwater claims the job was posted to the intranet. See Exhibit K p. 1 ¶ 3(a). However, VWR claims it does not know the name of the person who posted the job on the intranet. VWR is only providing information based on Ms. McDonald's personal information. See Exhibit G. VWR needs to answer interrogatories based on the

company's information. Ms. Williams incorporates her arguments stated in interrogatory no. 15 as if fully stated herein. VWR should be required to state what efforts were made to obtain the information to answer interrogatory no. 20. Finally, VWR should not be able to change its position to support any motion for summary judgment if it doesn't know the answer.

**Interrogatory no. 21**

Interrogatory no. 21 ask for the name, address, and telephone number of the company that hosted VWR's website www.vwrjobs.com. See Exhibit C p. 7. The information is relevant because Ms. Williams wants to find out what database system was used to post the job to the intranet. Such information could disprove Erica Broadwater's testimony. See Exhibit K. VWR has not fully answered the interrogatory. VWR has not provided the address and telephone number of the company. VWR is only providing information based on Ms. McDonald's personal information. See Exhibit G. VWR needs to answer interrogatories based on the company's information. Ms. Williams incorporates her arguments stated in interrogatory no. 15 as if fully stated herein. VWR should be required to state what efforts were made to obtain the information to answer interrogatory no. 21. Finally, VWR

should not be able to change its position to support any motion for summary judgment if it doesn't know the answer.

**Interrogatory no. 22**

Interrogatory no. 22 ask for the software used to create the database. See Exhibit C p. 7. The information is relevant to prove whether the job can be posted to the intranet without being posted to the internet. Ms. Williams needs the information to dispute Erica Broawater's affidavit. VWR claims it cannot answer the interrogatory.

VWR is only providing information based on Ms. McDonald's personal information. See Exhibit G. VWR needs to answer interrogatories based on the company's information. Ms. Williams incorporates her arguments stated in interrogatory no. 15 as if fully stated herein. VWR should be required to state what efforts were made to obtain the information to answer interrogatory no. 22. Finally, VWR should not be able to change its position to support any motion for summary judgment if it doesn't know the answer.

### CERTIFICATION OF COUNSEL

<u>I Michael O. Mondy</u> hereby certify that I have attempted to settle discovery dispute with counsel in good faith prior to filing a motion to compel.

S/Michael O. Mondy_____
**Michael O. Mondy**

## CONCLUSION

VWR should be required to answer the interrogatories under oath. VWR should be required to answer each interrogatories based on information available to it. VWR should be required to supplement all future responses under oath. VWR should not be allowed to use any new facts not supplemented under oath in support of summary judgment.

Respectfully submitted this Sunday, February 01, 2015

<u>s/ Michael O. Mondy</u>
Michael O. Mondy, Esq.
Georgia Bar No. 897950
Attorney for Plaintiff

**MICHAEL O. MONDY, P.C.**
925B Peachtree Street NE #329
Atlanta, Georgia 30309
Office: 404.492.9568
mondy@mondypc.com

## CERTIFICATE OF FONT, TYPE, AND SERVICE

I hereby certify that on February 1, 2015, I electronically filed with the Clerk of Court the Plaintiff Motion to Compel Discovery, in Times New Roman, 14 point type, using the CM/ECF system which will automatically send e-mail notification to all attorneys of record.

Respectfully submitted this Sunday, February 01, 2015

s/ Michael O. Mondy<br>
Michael O. Mondy, Esq.<br>
Georgia Bar No. 897950<br>
Attorney for Plaintiff

**MICHAEL O. MONDY, P.C.**
925B Peachtree Street NE #329
Atlanta, Georgia 30309
Office: 404.492.9568
mondy@mondypc.com