**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **OLIVIA WILLIAMS** )<br>)<br>**Plaintiff,** )<br>**vs.** )<br>)<br>**VWR INTERNATIONAL, LLC** )<br>**Defendant.** )<br>)<br>) | **CASE NO. 1:13-CV-04214-ODE-ECS** |

**Reply Brief In Support Of Plaintiff's Motion to Compel Discovery**

**COMES NOW** OLIVIA WILLIAMS (hereinafter "Ms. Williams"), plaintiff in the above-styled case and files this, her Reply Brief In Support of her Motion to Compel Discovery showing the Court the following:

**I. VWR did not properly answer the interrogatories under oath.**

VWR seems to imply; Ms. Williams is not *substantially justified* for filing a motion to compel because the Eleventh Circuit has not addressed when interrogatories are properly answered under oath. The Eleventh Circuit has made it clear a party is *substantially justified* to rely on out-of-circuit district court case law, where there is no in-circuit case law, regarding, the

issue. See Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997).

VWR has not cited one case that has held a verification not signed by a notary is properly made under oath. VWR has not cited one case, which says a verification that does not meet the standards outlined in 28 U.S.C. § 1746 is properly under oath. VWR doesn't address these two issues at all. The truth of the matter is that the interrogatory responses were never under oath.

VWR argues a person can sign a verification for a corporation relying only on personal knowledge. Such argument is contrary to the rule. The rule says:

> If that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

Fed. R. Civ. P. 33 (b)((1)(B). VWR's verification was not proper and Ms. Williams was substantially justified to file a motion to compel.

**II. VWR submitted a verification <u>after</u> Ms. Williams filed a motion to compel.**

On December 15th, 2014, VWR submits answers to Ms. Williams's second interrogatories with no verification. See Exhibit D. On January 16th, 2015, Ms. Williams informs VWR the verifications were improper. See

Exhibit F p. 14. On January 21, 2015, Ms. Williams informs VWR she needs the verification for the second set of interrogatories. <u>See</u> Exhibit F p. 16. On January 29th, 2015, Ms. Williams inquires about the verification once again. <u>See</u> Exhibit F p. 30. Ms. Williams gave VWR sixteen days to submit a proper verification. By law, Ms. Williams was entitled to the verification on December 15th, 2014.

VWR has not cited one case that says sixteen day is not enough time to submit a verification. VWR has not cited any facts to *substantially justify* its failure to answer the interrogatories within thirty days under oath as required by law. <u>See</u> Fed. R. Civ. P. 33. "Rule 37 certainly does not require a movant to *beg* for an opposing party's discovery response before filing its motion to compel. . . ." <u>Omniplex World Serv. Corp. v. Brinson</u>, Case No. 5:10-CV-360 CAR, 2012 WL 2569194 * 2 (M.D. Ga., 2012) (emphases added).

VWR claims the letters from its attorney are proper supplementation for discovery responses. VWR does not cite one case that supports this argument. VWR also claims it's customary to supplement interrogatories through letters. The Local Rules for the Northern District of Georgia does not support VWR's argument. The Local Rules require a party to file a certificate of service indicating discovery documents were serve to the

opposing party. See L.R. 5.4. VWR never filed on certificate indicating it supplemented its answers to interrogatories. No certificate was file because the letters were never intended to supplement the interrogatory responses.

Not surprisingly, VWR submitted a verification the *day after* Ms. Williams filed her motion to compel. See Def. Exhibit 14. Rule 37 doesn't allow a party to avoid a motion to compel by filing answers after a motion is filed. The rule states in relevant part:

> (A)  If the Motion is Granted (or Disclosure or Discovery Is Provided after Filing). If the motion is granted . . . or requested discovery is provided after the motion was filed . . . the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37 (a)(5)(A). Because VWR had no substantial justification for not submitting the verification, Ms. William's motion to compel should be granted.

### 1.  VWR has not properly answered Interrogatory Number 1.

Interrogatory number 1 asks VWR to provide the name, address, and phone number of any person who has information about the case. See Exhibit A p. 5. VWR has not disclosed the address and phone number for everyone identified in response to interrogatory number 1. For example, VWR has obtained a declaration from Ms. Erica Broadwater. See Exhibit K.

Ms. Broadwater states she is a former employee of VWR. Id. at p. 1 ¶ 1. VWR has not given Ms. Williams Ms. Broadwater's address and telephone number. Ms. Broadwater's address and telephone number are not privileged information. VWR does not have a *substantial justification* for not providing the information.

VWR does not have a *substantial justification* for not providing this information for Cathy Ibrahim, Jan Knight, and Linda Flint. See Exhibit H p. 4. ". . . Each interrogatory must, to the extent it is not objected to, be answered separately and full in writing under oath." Fed. R. Civ. P. 33. VWR is giving a partial answer in response to interrogatory number 1.

Ms. Williams has a right to this information, so she can do a full background check on all potential witnesses. Such information can lead to information to impeach witnesses for summary judgment or trial. See Fed. R. Evid. 608. Impeachment is especially important in employment law cases. In employment law cases, the plaintiff has to prove the employer did not have an honest good faith belief. See Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1989). Attacking the credibility of a witness is one method to disprove the honest good faith belief defense. VWR should be compelled to

fully answer interrogatory number 1. VAR has failed to show this court any *substantial justification* for not fully answering the interrogatory.

2. **VWR has not properly answered Interrogatory Number 2.**

Interrogatory number 2 ask VWR the following:

> Please list the name, title or position, and present telephone number and address of each person from whom you have obtained information used to answer each of these Interrogatories, and with regard to each person listed, please indicate the specific interrogatory(ies) on which the person was consulted and the information provided.

See Exhibit A p. 2. As explained in interrogatory number 1, Ms. Williams needs the contact information so she can perform background checks. Additionally, Ms. Williams needs to know what information the person has so she can decide whether to take the person's deposition. VWR refuses to properly answer interrogatory number 2. VWR states the following in response to interrogatory No. 2:

> Internal VWR HR Staff (with respect to the collection of employee data) c/o counsel for VWR; Interrogatory Nos. 12, 14, 16, 18, 21, and 24.

See Exhibit H p. 4. This response does not fully answer the interrogatory. First, VWR does not provide the telephone number and address for each person who provided information for each interrogatory. Secondly, VWR does not tell Ms. Williams which interrogatory each person provided

information for. Thirdly, VWR has failed to disclose who provided information for interrogatories 19, 20, 22, and 23. VWR has not given a *substantial justification* for not properly answering the interrogatory. The court should compel VWR to properly answer interrogatory number 2.

### 3. VWR has failed to answer interrogatory number 15.

VWR refuses to answer interrogatory number 15 claiming it doesn't know its own contentions. In the words of Justice Scalia, "Do not believe it." Lawrence v. Texas, 539 U.S. 558, 604 (2003) (Scalia, A.J., dissenting). The court has to understand VWR's response to interrogatory number 14 to fully understand interrogatory number 15.

On December 15th, 2014, VWR claims it does not know who made the final decision to promote Russell Nunn. See Exhibit D p. 2. VWR submitted this response without any verification.

On January 9th, 2014, VWR submits a letter claiming Mike Klipstein, Randy Kinkade, Robert Schultz, and John Daprato were the people who promoted Russell Nunn. See Exhibit E p. 2. VWR sends this letter without any verification. Furthermore, VWR doesn't amend its response to interrogatory number 2. Interrogatory number 2 ask VWR to identify the people who provided information to answer each interrogatory. As of today,

Ms. Williams doesn't know the name of the people who gave VWR this information.

In a letter dated January 28th, 2015, VWR claims to have spoken with John Daprato and Mike Klipstein. See Exhibit I p. 2. VWR submitted this letter without any verification. VWR should be able to answer interrogator number 15 after speaking with these two individuals. If John and Mike told VWR they did not make the final decision to hire Russell Nunn, VWR should amend its response to interrogatory number 14.

VWR has not amended its response to interrogatory number 14; therefore, Ms. Williams can assume John and Mike has given VWR information to answer interrogatory number 15. VWR has not explained to Ms. Williams or this court what information John and Mike has given VWR.

If VWR truly doesn't know the answer, VWR should not be able to take a different position during summary judgment or trial. The Advisory Committee on Rules in 1970 for Rule 33 acknowledges there are exceptional circumstances where reliance on an answer may cause such prejudice that the court will hold the answering party bound to his answer, e.g., Zielinski v. Philadelphia Piers, Inc., 139 F.Supp. 408 (E.D.Pa. 1956).

The case sub judice, meets the requirement not to allow VWR to take a different position during summary judgment or trial. VWR has to articulate clearly and consistently the reason why Ms. Williams was not promoted. See Hurlbert v. St. Mary's Health Care System Inc., 439 F.3d 1286, 1298 (11th Cir. 2006). Ms. Williams has to meet the burden demonstrating that VWR's proffered reason not to promote her is a pretext for discrimination. See Mosley v. Alabama Unified Judicial System Administrative, 562 Fed. Appx. 862, 869 (11th Cir. 2014). Ms. Williams cannot meet this burden if VWR does not answer interrogatories 14 and 15. Ms. Williams's motion to compel should be granted.

**4. Interrogatory number 17.**

Ms. Williams reincorporates her argument from interrogatory number 15 as if stated herein. If VWR does not know its own contentions, VWR should not be able to change its position during summary judgment and trial. Ms. Williams's motion to compel should be granted.

**5. Interrogatory number 19.**

Ms. Williams reincorporates her argument from interrogatory number 15 as if stated herein. VWR is claiming people interviewed for the Sales Representative-Direct Sales position. See Exhibit B p. 5. However, VWR

claims it doesn't know who were interviewed. VWR should not be allowed to change its position during summary judgment or trial.

**6. Interrogatory number 20.**

Ms. Williams reincorporates her argument from interrogatory number 15 as if stated herein. VWR claims the job position was posted on VWR's intranet. See Exhibit B p. 5. VWR tells the EEOC the job was posted in June of 2007. See Exhibit J ¶ 2. Eric Broadwater claims the job was posted on the intranet. See Exhibit K p. 1¶ 3(a). A reasonable person would question why VWR has been claiming for six years the job was posted without knowing who posted it. Ms. Williams's motion to compel should be granted. VWR should not be able to change its position later.

**7. Interrogatory number 21.**

Ms. Williams incorporates her argument from interrogatory number 15 as if stated fully herein. VWR is being evasive by stating, "Upon information and belief" before attempting to answer the interrogatory. Ms. Williams is left to guess whether the company is First Advantage or a predecessor. VWR is also being evasive by not supplying the address and telephone number of the company. VWR has not given any substantial justification for, not properly answering the interrogatory. VWR could get this information from

Erika Broadwater. See Exhibit K.  Not surprisingly, VWR sent another subpoena to a different company the day-after Ms. Williams filed her motion to compel. See Doc. 43. VWR should be compelled to answer interrogatory number 21.

**8. Interrogatory number 22.**

Ms. Williams incorporates her argument from interrogatory number 15 as if stated herein. VWR alleges it is unable to answer interrogatory number 22 concerning the software used for the database system. Any reasonable person who reads Erika Broadwater's declaration submitted by VWR would disagree. Ms. Broadwater testifies to the following:

> During much of my VWR employment, including in 2007, I was responsible for work on VWR's electronic job posting system, including working with VWR's vendor on managing and updating the system and the various prompts and data points contained therein. *I am therefore very familiar with the system as it was used in 2007*.

See Exhibit K p. 1 (emphasis added). VWR could answer the interrogatory by asking Ms. Broadwater. Ms. Broadwater's declaration reads as if she knows what software is used on VWR's intranet. VWR is not *substantially justified* in not answering the interrogatory. Ms. Williams's motion to compel should be granted.

### III. VWR is not entitled to attorney fees.

VWR is not entitled to attorney fees. VWR has not provided any substantial justification for, not properly answering the interrogatories under oath. The declaration submitted with Ms. Williams's motion is relevant. The declaration shows how VWR has repeatedly given untruthful information. A mediation is no excuse for giving untruthful information. Not surprisingly, VWR doesn't mention the false information given in response to interrogatory number 12 in its declaration. See Exhibit B p. 6. The declaration is silent on this issues because VWR was just simply not speaking truthfully. Ms. Williams has every right to state her disbelief in VWR's statements. VWR's request for attorney fees should be denied.

### CONCLUSION

Based on the legal authority cited above, Ms. Williams's Motion to Compel should be granted. Ms. Williams should be given an opportunity to submit a bill for reasonable attorney fees.

s/ Michael O. Mondy  
Michael O. Mondy, Esq.  
Georgia Bar No. 897950  
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **OLIVIA WILLIAMS** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**VWR INTERNATIONAL, LLC** )<br>**Defendant.** )<br>)<br>) | **CASE NO. 1:13-CV-04214-ODE-ECS** |

## CERTIFICATE OF FONT, TYPE, AND SERVICE

I hereby certify that on March 4, 2015, I electronically filed with the Clerk of Court the Plaintiff Motion to Compel Discovery, in Times New Roman, 14 point type, using the CM/ECF system which will automatically send e-mail notification to all attorneys of record.

## CERTIFICATION OF COUNSEL

I Michael O. Mondy hereby certify that I have attempted to settle discovery dispute with counsel in good faith prior to filing a motion to compel.

Respectfully submitted this Wednesday, March 04, 2015

<u>s/ Michael O. Mondy</u>  
Michael O. Mondy, Esq.  
Georgia Bar No. 897950  
Attorney for Plaintiff

**MICHAEL O. MONDY, P.C.**
925B Peachtree Street NE #329
Atlanta, Georgia 30309
Office: 404.492.9568
Facsimile: 404.492.7074
mondy@mondypc.com