H

```
                                                                    1

 1                      UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF GEORGIA
 2                             ATLANTA DIVISION

 3

 4    OLIVIA WILLIAMS,              )
                                    )
 5           PLAINTIFF,             )
                                    ) DOCKET NO. 1:13-CV-04214-ODE-ECS
 6           -VS-                   )
                                    )
 7    VWR INTERNATIONAL, LLC,       )
                                    )
 8           DEFENDANT.             )

 9

10
      TRANSCRIPT OF ELECTRONICALLY RECORDED MOTIONS PROCEEDINGS
11           BEFORE THE HONORABLE E. CLAYTON SCOFIELD, III
                    UNITED STATES MAGISTRATE JUDGE
12                     WEDNESDAY, JUNE 3, 2015

13

14

15

16    APPEARANCES:

17    ON BEHALF OF THE PLAINTIFF:

18         MICHAEL O. MONDY, ESQ.

19    ON BEHALF OF THE DEFENDANT:

20         DAVID J. WOOLF, ESQ.
           DAVID N. SCHAEFFER, ESQ.
21

22

23
      ELIZABETH G. COHN, RMR, CRR
24    OFFICIAL COURT REPORTER
      UNITED STATES DISTRICT COURT
25    ATLANTA, GEORGIA
```

```
                                                                17

 1              THE COURT:  RIGHT.
 2              MR. WOOLF:  -- FOR COMPANIES, ESPECIALLY THAT ARE
 3   PUBLIC CONTRACTORS, FEDERAL GOVERNMENT CONTRACTORS.
 4              THE COURT:  RIGHT.
 5              MR. WOOLF:  SO WE PROVIDED THE NAME AND ADDRESS.
 6              THE COURT:  FIRST ADVANTAGE.  THAT'S WHAT I WAS
 7   THINKING OF.
 8              MR. WOOLF:  EXACTLY.
 9              THE COURT:  ALL RIGHT.
10              MR. WOOLF:  AGAIN, NOT A SUBSTANTIVE RESPONSE IN
11   TERMS OF MR. MONDY NEEDING TO DEPOSE SOMEONE.
12              AND THEN, PLEASE PROVIDE THE NAME, TELEPHONE NUMBER,
13   AND LAST KNOWN ADDRESS OF MS. WILLIAMS' SUPERVISOR, SUPERVISORS
14   BETWEEN CERTAIN DATES.  AGAIN, IT'S JUST A DATA PULL.  SO
15   THERE'S NOTHING SUBSTANTIVE THAT MR. MONDY HAS BEEN DENIED.
16              THE COURT:  ALL RIGHT.
17              ALL RIGHT.  MR. MONDY?
18              MR. MONDY:  YOUR HONOR, I THINK I'M ENTITLED TO THE
19   NAME OF THE PERSON WHO PULLED THIS DATA.
20              THE COURT:  YEAH.  WELL, I DON'T THINK SO.  THEY'VE
21   SWORN TO THE, TO THE TRUTH OF THESE ANSWERS.  THEY'VE PROVIDED
22   YOU WITH THE INFORMATION.  THEY'VE SWORN THAT THEY ARE TRUE.
23   THERE'S NOTHING THAT, THERE'S NOTHING THAT WOULD BE ADVANCED BY
24   YOUR KNOWING WHAT CLERK WENT IN AND PULLED THE DATA, OTHER
25   THAN, YOU KNOW, I MEAN, THEY'VE SWORN TO THAT IT'S TRUE.  SO I
```

```
                                                                18
 1    DON'T SEE ANY POINT IN, IN THAT.  SO I'M GOING TO DENY IT AS TO
 2    THAT.
 3              MR. MONDY:  OKAY.  THANK YOU, YOUR HONOR.
 4              THE COURT:  ALL RIGHT.  ALL RIGHT.  NUMBER,
 5    INTERROGATORY NUMBER FIVE IS THE NEXT ONE.  AND THERE YOU'VE
 6    GOT -- OH, NO, 15TH?
 7              MR. MONDY:  I DON'T HAVE 15, YOUR HONOR.
 8              THE COURT:  FIFTEEN, NUMBER 15, WHAT AM I LOOKING AT?
 9    OH, I'M LOOKING AT YOUR SUPPLEMENT.
10              NUMBER 15, ALL RIGHT.  FINAL DECISION MAKER, WHAT DID
11    HE KNOW.
12              YOU HAVE, YOU HAVE DEPOSED MR. SCHULTZ NOW, RIGHT?
13              MR. MONDY:  THAT'S CORRECT, YOUR HONOR.
14              THE COURT:  OKAY.  THEN WHAT DO YOU NEED IN RESPONSE
15    TO THAT?
16              MR. MONDY:  I HAVE THE INFORMATION I NEEDED NOW.
17              THE COURT:  OKAY.
18              MR. MONDY:  I DIDN'T HAVE IT AT THE TIME I FILED
19    THIS.
20              THE COURT:  AND I UNDERSTAND.  WE ARE DEALING WITH
21    NOW.
22              MR. MONDY:  RIGHT.
23              THE COURT:  I'M TRYING TO BE PRACTICAL.  ALL RIGHT.
24    SO 15 IS MOOT, IN EFFECT, BECAUSE YOU HAVE DEPOSED THAT
25    INDIVIDUAL.
```

```
                                                               19

 1              SEVENTEEN IS, IS ALSO -- 17, YEAH, I'M NOT SURE I CAN
 2   TELL.  WHAT'S THE DIFFERENCE BETWEEN 17 AND 15?
 3              MR. MONDY:  I BELIEVE THAT HAS BEEN ANSWERED AS WELL
 4   NOW.
 5              THE COURT:  OKAY.  BUT, IN ANY EVENT, YOU'VE DEPOSED
 6   MR. SCHULTZ.  SO YOU SHOULD HAVE BEEN ABLE TO ASK HIM DIRECTLY
 7   WHAT HE KNEW OR DIDN'T KNOW.
 8              MR. MONDY:  THAT'S RIGHT.
 9              THE COURT:  OKAY.  SO 17 IS ALSO, I'M GOING TO SAY,
10   MOOT.  AND I NEED TO MAKE NOTE, MAKE SURE THAT'S RIGHT.
11              ALL RIGHT.  THEN NUMBER 19 IS EVERY PERSON WHO WAS
12   INTERVIEWED FOR THE SALES REP-DIRECT SALES POSITION.  AND,
13   WELL, WHERE DO WE STAND ON THAT, AS FAR AS -- WELL, EITHER ONE.
14   HAS THAT BEEN ANSWERED YET?
15              MR. MONDY:  YES.  MR. SCHULTZ ANSWERED THAT QUESTION.
16              THE COURT:  OH.  ALL RIGHT.  WELL, WHAT DO YOU ALL
17   SAY?
18              MR. WOOLF:  I AGREE WITH MR. MONDY ON THAT.  MR.
19   SCHULTZ ANSWERED IT AND IT WAS ALSO CAPTURED IN OUR
20   SUPPLEMENTAL RESPONSES.
21              THE COURT:  AND YOU DID A SUPPLEMENTAL RESPONSE AS
22   WELL.
23              MR. WOOLF:  ON 15, 17, AND 19, YOUR HONOR.
24              THE COURT:  ALL RIGHT.  SO, SO THAT ONE IS ALSO MOOT
25   AS FAR AS NEEDING AN ORDER.
```

                                                           20

1              ALL RIGHT.  TWENTY IS, WHO POSTED THE SALES
2    REP-DIRECT SALES POSITION ON THE INTRANET.  AND THAT'S THE
3    FIRST ADVANTAGE COMPANY.  IS -- WHERE DO WE STAND ON THAT ONE?
4              MR. MONDY:  I DON'T HAVE A NAME OF ANYONE.  THEY ARE
5    SAYING THEY DON'T KNOW.  MR. SCHULTZ CLAIMS HE DOESN'T KNOW.
6    AFTER I TOOK MS. ERIKA BROADWATER, SHE SAYS SHE DOESN'T KNOW,
7    EITHER.
8              THE COURT:  WELL, IT'S A DIFFERENT COMPANY.
9              MR. MONDY:  NO, YOUR HONOR.  WHAT IT IS, THAT COMPANY
10   JUST CREATED THE SOFTWARE.  THAT'S -- ONCE I TALKED TO MS.
11   BROADWATER, THAT COMPANY JUST CREATED THE SOFTWARE FOR VWR TO
12   USE.  SOMEONE AT VWR POSTED THE JOB.
13             THE COURT:  ALL RIGHT.  WELL, WHAT ABOUT THAT, MR.
14   WOOLF?
15             MR. WOOLF:  INITIALLY, YOUR HONOR, WE -- WELL, WE
16   STILL DON'T KNOW WHO POSTED IT.  INITIALLY WE DIDN'T KNOW IF IT
17   WAS POSTED BY THE VENDOR OR BY SOMEONE AT VWR.
18             THE COURT:  THE VENDOR BEING FIRST ADVANTAGE.
19             MR. WOOLF:  CORRECT, YOUR HONOR.
20             THE COURT:  OKAY.
21             MR. WOOLF:  AT HIS DEPOSITION, MR. MONDY DID ASK MR.
22   SCHULTZ WHO POSTED IT.  HE SAID HE DIDN'T POST IT BUT THAT HE
23   THOUGHT SOMEONE, PERHAPS A WOMAN NAMED MARIA BELMONTE, WHO IS
24   IN HR, POSTED IT.  AND THAT'S REFLECTED IN OUR ANSWER,
25   SUPPLEMENTAL ANSWER OF NUMBER 20, AS WELL AS IN MR. SCHULTZ'S

```
                                                              21
 1   TESTIMONY.  SO TO THE EXTENT THERE'S INFORMATION ON THAT, IT
 2   HAS BEEN FULLY PROVIDED TO MR. MONDY.
 3            THE COURT:  ALL RIGHT.  YES.  I SEE THAT NOW.  I
 4   BELIEVE IT WAS MARIA BELMONTE.  I MEAN, THAT'S -- THEY -- AND
 5   YOU VERIFIED YOUR ANSWER TO THAT INTERROGATORY.
 6            MR. WOOLF:  YES.  WE SERVED IT.
 7            THE COURT:  ALL RIGHT.  THEN, THEN THAT'S YOUR
 8   ANSWER, ALL RIGHT, AS TO 20.  SO THAT'S RESOLVED.
 9            AND THEN 21 IS THE NAME AND ADDRESS OF, INTERROGATORY
10   NUMBER 21, THAT'S ON THERE, ISN'T IT?  I'M TRYING TO KEEP UP
11   WITH ALL OF THIS.  THE COMPANY THAT HOSTS THE WEBSITE.  AND
12   THAT'S FIRST ADVANTAGE.  AND WE'VE BEEN OVER THAT.  I ASSUME
13   YOU'VE GIVEN THEM THE INFORMATION ON FIRST ADVANTAGE TO THE
14   EXTENT THAT HE --
15            MR. WOOLF:  TO THE EXTENT WE HAVE IT, YOUR HONOR, WE
16   PROVIDED IT.  WE ACTUALLY SENT A SUBPOENA TO FIRST ADVANTAGE TO
17   TRY TO GET THE INFORMATION.
18            THE COURT:  ALL RIGHT.  AND THEY DIDN'T RESPOND?
19            MR. WOOLF:  THEY RESPONDED BY SAYING THAT THEY SOLD
20   OUT THAT PIECE OF THE COMPANY, OR THEY SPUN OFF THE PIECE OF
21   THE COMPANY THAT DOES THIS JOB POSTING MANAGEMENT AND STARTED A
22   COMPANY CALLED FINLEY.  SO WE SENT FINLEY A SUBPOENA AS WELL,
23   AND BOTH COMPANIES SAID THEY DIDN'T HAVE ANY INFORMATION ABOUT
24   THIS POSITION.
25            THE COURT:  OH, ABOUT THE POSITION.  THIS PARTICULAR
```

```
                                                                      22

  1    INTERROGATORY I'M LOOKING AT IS 21, WHICH JUST SAYS, WHO HOSTS
  2    THE WEBSITE.
  3              MR. WOOLF:   YES.  AND WE PROVIDED --
  4              THE COURT:   AND THAT INFORMATION HAS BEEN PROVIDED.
  5    RIGHT?
  6              MR. WOOLF:   CORRECT, YOUR HONOR.
  7              THE COURT:   ALL RIGHT.  AND YOU'RE GOING BEYOND THAT
  8    TO --
  9              MR. WOOLF:   CORRECT.
 10              THE COURT:   -- TO GO TO WHO, WHO MAY HAVE POSTED OR
 11    NOT POSTED IT.
 12              MR. WOOLF:   WELL, WHO POSTED THE DATA ABOUT IT,
 13    EVIDENCE OF WHO APPLIED, EVERYTHING.
 14              THE COURT:   BUT THIS DOESN'T REALLY ASK FOR THAT.
 15              MR. WOOLF:   NO.  WE WERE --
 16              THE COURT:   ALL RIGHT.
 17              MR. WOOLF:   -- TRYING TO GET BEYOND EVEN THAT.
 18              THE COURT:   OKAY.  ALL RIGHT.  WELL, THEN, YOU HAVE
 19    BEEN PROVIDED WITH THAT INFORMATION, ALL RIGHT, AS TO 21.
 20              AND THEN 22 IS SOFTWARE USED TO CREATE THE DATABASE.
 21              MR. MONDY:   MS. BROADWATER ANSWERED THAT QUESTION.
 22              THE COURT:   SO SHE ANSWERED THAT QUESTION, TOO.
 23              MR. MONDY:   YES.
 24              THE COURT:   ALL RIGHT.  ALL RIGHT.  ALL RIGHT.  THEN
 25    THOSE ARE THE INTERROGATORIES THAT WERE AT ISSUE, I BELIEVE.
```